IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ISAAC CARDENAS, <br> TDCJ No. 02074130, <br><br> Petitioner, <br><br> VS. <br><br> BOBBY LUMPKIN, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL NO. SA-24-CA-0443-FB |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* petitioner Isaac Cardenas's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Memorandum in Support (ECF No. 5), respondent Bobby Lumpkin's Answer (ECF No. 16), and petitioner's Reply (ECF No. 18) thereto. In his § 2254 petition, petitioner challenges the constitutionality of his 2016 state court convictions, arguing (1) his waiver of direct appeal was involuntary due to erroneous advice from his attorney, (2) his waiver of direct appeal should be voided due to incompetency issues presented at trial, and (3) the involuntary waiver of direct appeal resulted in the denial of his right to seek a new trial. In his answer, respondent contends petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with respondent that petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

# I. Procedural History

In June 2016, a Comal County jury found petitioner guilty of four out of five crimes for which he was indicted: aggravated kidnapping (count I), burglary of a habitation (count III), repeated violations of court orders in a family violence case (count IV), and unauthorized use of a motor vehicle (count V). *State v. Cardenas*, No. CR2015-504 (207th Dist. Ct., Comal Cnty., Tex. June 8, 2016).[1] Following a separate punishment phase, the jury sentenced him to thirty years of imprisonment on the first count, twenty years on the third count, ten years on the fourth count, and two years on the fifth count. *Id*.

Petitioner gave notice of his intent to appeal but later requested, and was granted, a dismissal of his appeal. *Cardenas v. State*, No. 08-16-00191-CR, 2017 WL 1496971 (Tex. App.–El Paso, Apr. 26, 2017).[2] Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.[3]

Instead, petitioner challenged the constitutionality of his state court convictions by filing an application for state habeas corpus relief on May 3, 2020, at the earliest.[4] *Ex parte Cardenas*, No. 91,697-01 (Tex. Crim. App.).[5] The Texas Court of Criminal Appeals denied this application without written order on September 16, 2020, and later denied rehearing on August 18, 2021.[6] Four days later, petitioner filed a second state habeas application challenging the underlying convictions

---

[1]   ECF No. 17-3 at 4-15 (Judgments).

[2]   ECF Nos. 17-3 at 17 (Notice of Appeal), 17-10 (Opinion).

[3]   *See* http://www.search.txcourts.gov, search for "Cardenas, Isaac" last visited October 8, 2024.

[4]   Because of petitioner's *pro se* status, the prison mailbox rule applies to his state habeas applications. *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending mailbox rule to state habeas application delivered to prison authorities for mailing).

[5]   ECF No. 17-32 at 7-22.

[6]   ECF Nos. 17-28, 17-30.

which was ultimately dismissed by the Texas Court of Criminal Appeals on November 22, 2023, as a successive application pursuant to Article 11.07, Section 4 of the Texas Code of Criminal Procedure. *Ex parte Cardenas*, No. 91,697-02 (Tex. Crim. App.).[7]

Thereafter, petitioner placed the instant federal habeas corpus petition in the prison mail system on March 21, 2024.[8]

## II.  Timeliness Analysis

Respondent contends petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, petitioner's convictions became final May 26, 2017, when the time for filing a PDR with the Texas Court of Criminal Appeals expired. *See* Tex. R. App. P. 68.2 (providing a PDR must be filed within thirty days following entry of the court of appeals' judgment); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (holding that when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30–day period in which he could have filed the petition) (citation omitted). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging the underlying convictions expired a year later on Monday, May 28, 2018.[9]

---

[7]   ECF Nos. 17-42, 17-43 at 6-23.

[8]   ECF No. 1 at 15.

[9]   Because the end of the limitations period fell on a Saturday, the limitations period continued to run until the following Monday. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

Petitioner did not file his § 2254 petition until March 21, 2024—almost six years after the limitations period expired. Thus, his petition is barred by AEDPA's one-year statute of limitations unless it is subject to either statutory or equitable tolling.

### A.     Statutory Tolling

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Petitioner did challenge the instant convictions by filing two applications for state post-conviction relief, the first of which was filed in May 2000. But as discussed previously, petitioner's limitations period for filing a federal petition expired at the end of May 2018. Because the state habeas applications were filed well after the time for filing a federal petition under § 2244(d)(1) had lapsed, they do not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the instant § 2254 petition, filed in March 2024, is still nearly six years late.

### B.     Equitable Tolling

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable

tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner fails to establish that equitable tolling should apply in this case. In his Reply, petitioner argues that (1) he suffers from major depression and is medicated for this condition, and (2) he has frequently been housed at psychiatric institutions to treat this condition. (ECF No. 18 at 6-7). A claim of mental incapacity may indeed support equitable tolling if "the mental impairment precluded the prisoner from asserting his legal rights." *Fisher v. Johnson,* 174 F.3d 710, 715-716 (5th Cir. 1999). However, to qualify for equitable tolling, the prisoner must provide factual support for the assertion that his mental incompetency prevented him from asserting his legal rights in a timely manner. *See Smith v. Johnson,* 247 F.3d 240 (5th Cir. 2001) (equitable tolling is only appropriate in exceptional circumstances when the prisoner has presented sufficient facts to show that mental illness precluded him from asserting his rights); *see also Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013) (unpublished) (to warrant equitable tolling, a petitioner must (1) make a threshold showing of incompetence, and (2) show that this incompetence affected his ability to file a timely habeas petition) (citations omitted).

Here, petitioner has neither made a threshold showing of incompetence or demonstrated a causal connection between his alleged mental illness and his failure to file a timely federal habeas petition. Petitioner has provided nothing to corroborate his allegations of continuing mental illness, and this Court will not "consider a habeas petitioner's bald assertions on a critical issue in his *pro*

*se* petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)).  Even assuming petitioner suffered from depression and was intermittently hospitalized as he now asserts, he makes no attempt to demonstrate how these factors prevented him from asserting his legal rights sooner.  As a result, petitioner's bid for equitable tolling faulters.

Furthermore, despite his argument to the contrary (ECF No. 18 at 5-6), petitioner is not entitled to the application of equitable tolling simply because prison is a difficult place to work on a habeas petition.  *Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).  And it is well established that a petitioner's lack of representation, lack of legal training, ignorance of the law, and unfamiliarity with the legal process do not justify equitable tolling.  *United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008).  Thus, petitioner has not met his burden of demonstrating a rare or extraordinary circumstance beyond his control caused the late filing of his federal habeas petition.

Finally, petitioner fails to demonstrate that he has been pursuing his rights diligently.  Petitioner's direct appeal of his conviction was dismissed by the intermediate court of appeals in April 2017, yet petitioner waited until May 2020 to file the first of his two state habeas corpus applications challenging his convictions.  This delay alone weighs against a finding of diligence.  *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *see also North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence.").  Petitioner also fails to explain

why he waited another four months after the Texas Court of Criminal Appeals denied his second state habeas application in November 2023 before filing the instant federal petition in this Court.

Consequently, because petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).  A COA should issue if the petitioner *not only* shows that the lower court's procedural

ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). Here, the one-year statute of limitations found in the AEDPA has been in place since 1996, yet petitioner provided no reasonable justification for missing the filing deadline by nearly six years. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether petitioner was entitled to federal habeas relief, and a COA will not issue.

### IV. Conclusion

After careful consideration, the Court concludes that petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and petitioner Isaac Cardenas's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 9th day of October, 2024.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE